UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEROME NATHAN GRANT,

       Plaintiff,

  -v-                                                        16-CV-0866-A

STEPHEN WOLF,                          **DECISION AND ORDER**

       Defendants.
_____

       The Plaintiff, Jerome Nathan Grant, who at the time of filing the *pro se* Complaint in this action was a federal pretrial detainee at the Allegany County Jail, alleges that defendant Steven Wolf denied plaintiff Grant adequate medical by denying plaintiff's request for a root canal. Plaintiff alleges that because defendant Wolf denied him adequate dental treatment, for "two years [he has] been in extreme pain [and had] to eat with only one side oh [his] mouth[. His] tooth has been infected numerous times due to the . . . [denial of] proper medical treatment." (Dkt. No. 1, Complaint at 5-6. [1]) Specifically, An exhibit to the Complaint entitled "Prisoner Medical Request," states that on February 17, 2015, the defendant denied plaintiff's request for a root canal while he was at the Allegany County Jail because the "USMS does not routinely authorize endodontic treatment (root canal) and associated restorative work to preserve teeth during the limited duration of USMS custody. If required for relief of pain and suffering, extraction is authorized." Plaintiff was prescribed antibiotics for temporary management of his dental problems. (Docket No. 1, Complaint, Exh. at 9-10.)

---

[1] Page references are to those set by the Court's Case Management and Electronic Case Filing System (CM/ECF).

1

Defendant Wolf has moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the action for lack of subject matter jurisdiction based upon the contention the defendant is immune from suit as a Public Health Service employee. For the reasons stated below, the Court finds the defendant does have statutory absolute immunity from suit, and that the Court lacks subject matter jurisdiction over plaintiff Grant's allegations. The defendant's motion to dismiss is therefore granted.

## DISCUSSION

The Public Health Service Act provides that the exclusive remedy for personal injuries caused by Public Health Service employees acting within the scope of their employment is an action under the Federal Tort Claims Act. 42 U.S.C. § 233(a); *see e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Defendant Wolf has established that he is a physician, and that he was a Captain in the United States Public Health Service, and Medical Director of the Prisoner Operations Division of the U.S. Marshals Service, at the time he denied plaintiff Grant's request for a root canal. Dkt. No. 21. The defendant proffers that the denial of plaintiff's request for a root canal was consistent with applicable policies and standard medical practice, and that the denial was within the scope of his employment. *Id.* Plaintiff Grant does not contest this jurisdictional showing. Under the circumstances, the defendant is immune from suit. *See e.g.*, *Robinson v. Knibbs, et al.*, No. 16-CV-3826 (NSR), 2017 WL 3578700, *3-4 (S.D.N.Y. Aug. 17, 2017). The defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is therefore granted.

## ORDER

Based on the above, it is hereby

**ORDERED**, that pursuant to Fed. R. Civ. P. 12(b)(1), the action is dismissed for lack of subject matter jurisdiction without prejudice to any cognizable suit against the United States under the Federal Tort Claims Act; and

**ORDERED**, that the Clerk of Court shall terminate the action.

**SO ORDERED.**

                                            *s/Richard J. Arcara*
                                               Richard J. Arcara
                                          United States District Judge

DATED:       February 13, 2017
                 Buffalo, NY